IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.    3:06cr11/LAC
    3:07cv261/LAC/MD

CHRISTOPHER STANTON

### REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255  (doc. 45).  The government has filed a response (doc. 53)[1] and the defendant has filed a reply  (doc. 58).  The matter was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  An evidentiary hearing was held on April 2, 2008.  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that the motion should be denied.

**I. BACKGROUND**

Defendant was charged in a two count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e), and possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B)(iii).  (Doc. 4).  The Office of the Federal Public Defender was appointed to represent the defendant until he retained Barry McCleary as counsel.  Represented by Mr.

---

[1] The government also filed an amended response to include two missing pages from the exhibit two. (Doc. 59).

McCleary, defendant entered a plea of guilty to count 2 of the indictment (doc. 25) and was found guilty after a trial on count 1, the firearm charge. (Doc. 32).

The PSR was disclosed to the defense on June 6, 2006. (Doc. 34). Defendant's base offense level was 34 because the offense conduct involved 264.5 grams of cocaine base.[2] A two level adjustment due to the defendant's possession of a dangerous weapon was applied. §2D1.1(b)(1). His total offense level would have been 36 but for the application of the career offender provision, § 4B1.1 of the guidelines, and his total offense level was 37. Defendant's criminal history category was VI, whether considering either his criminal history points or his Career Offender and Armed Career Criminal status.

Defendant objected to the drug weight attributed to him, and the probation officer's failure to credit him with an acceptance of responsibility adjustment. (Doc. 37, 51). At sentencing, the parties indicated they had reached an agreement, with the government stating on the record that it concurred that 143.4 grams of cocaine base could be fairly attributed to the defendant. (Doc. 51 at 5). Defendant's base offense level was thus reduced, but because he was a career offender, it did not affect his ultimate guidelines level. The court overruled the objection on the acceptance of responsibility adjustment, but declined to penalize defendant for obstruction of justice. (Doc. 51 at 6). Defendant was sentenced to a term of 360 months imprisonment, at the low end of the guidelines range, in order to take into account the plea he entered and his cooperation with the government. The court noted that it was "troubled by the defense that [defendant] presented at trial. . . which is so bizarre as to not have any credibility at all." (Doc. 51 at 8).[3]

---

[2]Offenses involving at least 150 but less than 500 grams of cocaine base are scored at base offense level 34. § 2D1.1(c)(3).

[3]Defendant testified at the trial that his girlfriend first informed him about the presence of the gun at the residence when the police were kicking down the door. (Doc. 53, exh. 2 at 4). He stated that he never told the officers that the gun belonged to him, but that when they were questioning him indicated that he **could** go out and buy a gun. (*Id.* at 6). He reiterated that the gun was not his, he knew nothing about it and had never touched it. (*Id.* at 7).

*Case No: 3:06cr11/LAC; 3:07cv261/LAC/MD*

Defendant was sentenced on July 25, 2006 to a term of 360 months imprisonment on each count to run concurrently, a five year term of supervised release on count 1 and 8 years on count 2, to run concurrently, and a $200.00 special monetary assessment. (Doc. 39). He did not appeal.

Defendant first mentioned counsel's failure to file an appeal in his letter to the clerk, received on March 15, 2007, in which he requested the records from the proceedings against him. (Doc. 42). He filed nothing else until he filed the instant § 2255 motion on June 18, 2007.

In the present motion, defendant contends that counsel was constitutionally ineffective in myriad respects, and that the court lacked jurisdiction to sentence him under 21 U.S.C. § 851. The government opposes the motion in its entirety.

## II. LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Thomas v. Crosby,* 371 F.3d 782, 811 (11th Cir. 2004); *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed

error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

A. <u>Ineffective assistance of counsel</u>

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993). To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000); *Gaskin v. Secretary, Dept. of Corrections,* 494 F.3d 997, 1002 (11th Cir. 2007). "*Strickland's* two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." *Yordan v. Dugger,* 909 F.2d 474, 477 (11th Cir. 1990) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688, 104 S.Ct. at 2065; *see also Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Atkins v. Singletary*, 965 F.2d 952 (11th Cir. 1992). "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909

F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")).  Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."  *Gordon v. United States,* 496 F.3d 1270, 1281 (11th Cir. 2007); *United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003); (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)).  When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."  *Chandler*, 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."  *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).  Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).  Or in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001).  A

significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Wilson v. United States,* 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629); *United States v. Ross*, 147 Fed.Appx. 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle,* 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).

1. <u>Failure to file an appeal</u>

Defendant averred in his affidavit that he told his attorney after sentencing that he wanted to appeal his conviction and sentence, and counsel told him he would take care of the appeal. (Doc. 46). Defendant stated he subsequently learned that no appeal had been filed, and that he would have timely filed the appeal himself had he known that counsel was not going to file the appeal. (*Id.*). In counsel's affidavit, he explained that after trial and sentencing he and the defendant discussed the possibility of an appeal, but

Case 3:06-cr-00011-LC-EMT   Document 67   Filed 04/08/08   Page 7 of 16

Page 7 of 16

determined that no issues for an appeal were presented at trial. (Doc. 53, exh. 1). At that time, counsel states defendant "agreed and no appeal was taken." (*Id.*). Due to the conflict in affidavits, the court held an evidentiary hearing on April 2, 2008. The defendant appeared at the hearing represented by the office of the federal public defender.

Defendant was the first witness to testify at the hearing. He testified that his sister-in-law Keowana Hopkins had recommended Mr. McCleary to him, and that Ms. Hopkins and defendant's brother had retained counsel for him. Defendant related how he had discussed the government's case against him with counsel. Mr. McCleary told defendant that the government did not have a strong case against him with respect to the gun charge and that he should proceed to trial, but recommended that defendant enter a guilty plea on the drug charge, both of which defendant ultimately did. Defendant testified that while he and his attorney were waiting for the jury's verdict, counsel expressed the opinion that he had a "50/50 chance" of defeating the gun charge. At that point, even before the verdict had been returned, the defendant said that he told counsel he wanted to file an appeal.

Defendant also testified that he told counsel about his desire to appeal when they met to discuss the PSR before sentencing. He stated that counsel told him they would need the trial transcripts for the appeal and that counsel "acted like he would file the appeal." Finally, he stated that after entering the courtroom at sentencing, but before the court imposed sentence, he expressed a desire to appeal.

After sentencing, defendant testified that he did not see his attorney for thirty days, and that when he finally did, counsel told him that he was not going to appeal because there were no issues to appeal. After that, his family looked for an appellate attorney for him, but found them to be too expensive to retain.

On cross examination, the defendant admitted the inconsistency between the affidavit filed in support of his § 2255 motion, where he stated only that he asked counsel to appeal <u>after</u> sentencing, and his testimony under oath at the hearing, that his requests that counsel appeal came before sentence was imposed, and again thirty days later.

Ms. Keowana Hopkins testified that she assisted the defendant with his communication with counsel via three-way telephone calls. She said that the first couple

of times the defendant spoke to his attorney after the guilty verdict, counsel said that he would start the paperwork for the appeal.    The last time such a call took place, counsel said that he had done all he could do for the defendant, and there was no basis for an appeal.  She stated that there was no doubt in her mind that the defendant wanted to appeal.  On cross examination, Ms. Hopkins indicated that after the guilty verdict she and her husband told counsel that they would pay for the appeal if any extra money was necessary.  She testified that a couple days after sentencing counsel said that he would appeal.

Tiffany Jackson, a long-time friend of defendant's, testified briefly that after sentencing she spoke with Mr. McCleary and asked whether the defendant would qualify for an appeal. Counsel stated that he would "qualify," and according to Ms. Jackson, he indicated that he would appeal.  On cross-examination she testified that what counsel had actually told her was that he would speak to the defendant about the appeal.

Attorney Barry McCleary was the only witness for the government.  Mr. McCleary testified that he had been practicing law for 23 years and that 80 to 90% of his practice involved criminal law.  He has had occasion to defend clients at jury trials and to file appeals.  Counsel testified that there was no written fee agreement contract between him and the defendant's family, but that he charged $5,000 plus costs for his representation of the defendant.  There was no discussion at the time he was retained about what this covered, but he "assumed" it was just for the trial.

Counsel stated that after the jury verdict, his client indicated that he wanted to appeal, but that counsel told him there were no appealable issues. McCleary recalled that he and the defendant discussed the cross examination of one of the witnesses at trial as a possible issue for appeal.  McCleary told the defendant that although the cross-examination had been damaging to the defendant's case, it was not legally improper. After this conversation, counsel's understanding was that he and his client agreed there would be no appeal.  Counsel did not remember whether the issue of an appeal was brought up when he went to discuss the PSR with his client, and he testified that if it had been,  his position would have been the same–there were no appealable issues.  He also did not

recall whether his client had brought up the issue of an appeal before he was sentenced, and again stated that had the defendant broached the issue, his response would have been the same. Counsel agreed without hesitation, however, that had the defendant insisted on pursuing an appeal under those circumstances, he would have filed the appeal along with an *Anders* brief as he has done before.

Counsel testified that after defendant was sentenced, defendant's family did not contact him about filing an appeal, but rather about defendant's criminal file. He recalled conversations with the defendant about a Rule 35 motion, but stated that the Assistant United States Attorney had said that because, in his opinion, defendant had testified falsely, he would not be eligible for a Rule 35. Counsel reiterated that he did not tell anyone he would file an appeal in defendant's case because in his opinion there were no appealable issues.

The law is well established that if a defendant specifically instructs his attorney to file a notice of appeal, a lawyer who disregards this instruction acts in a manner that is professionally unreasonable. *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 1035, 145 L.Ed.2d 985 (2000) (citing *Rodriguez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999)). Since a defendant whose lawyer fails to file an appeal upon request has been denied an entire judicial proceeding, prejudice is presumed and the defendant is entitled to a belated appeal. *Id.*; *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005). However, in cases where a defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, the question whether counsel has performed deficiently by not filing a notice of appeal is analyzed as follows:

> [T]he question . . . is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey a specific meaning - advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered; Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal. *See supra* 1034-

Case No: 3:06cr11/LAC; 3:07cv261/LAC/MD

> 1035. If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance.

*Flores-Ortega,* 528 U.S. at 478, 120 S.Ct. at 1035; see also *Thompson v. United States*, 481 F.3d 1297, 1300 (11th Cir. 2007). The *Flores-Ortega* Court rejected a bright-line rule that counsel must always consult with a defendant regarding an appeal:

> We instead hold that counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known . . . . Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings.

*Id.,* 528 U.S. at 480, 120 S.Ct. at 1036; see also *Thompson v. United States,* 481 F.3d 1297, 1301 (11th Cir. 2007); *Otero v. United States*, 499 F.3d 1267 (11th Cir. 2007).

In cases where a defendant has not specifically instructed his counsel to file a notice of appeal, a *per se* prejudice rule does not apply, rather, a defendant must demonstrate a reasonable probability exists that, but for counsel's deficient performance, he would have timely appealed. *Flores-Ortega,* 120 S.Ct. at 1038, 1040; *Thompson v. United States*, 481 F.3d 1297, 1301 (11th Cir. 2007). "Evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." *Flores-Ortega*, 120 S.Ct. at 1039. However, "[b]ecause a direct appeal of a federal conviction is a matter of right, see *Rodriquez v. United States*, 395 U.S. 327, 329-330, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), we determine whether a defendant has shown that there is a reasonable probability that he would have appealed without regard to the putative merits of such an appeal." *Thompson v. United States,* 481 F.3d 1297, 1302 (11th Cir. 2007) (citing *Flores-Ortega*, 528 U.S. at 485-86, 120 S.Ct. 1029; *Gomez-Diaz*, 433 F.3d at 793).

At the evidentiary hearing, counsel for the defendant argued that although the testimony appeared to conflict, erring on behalf of the defendant might be appropriate in this case because counsel did not specifically recall whether the defendant requested him to appeal and could not categorically deny that such a request had been made.  The government argued in turn that there was no logical reason for counsel to ignore the defendant's request, had such a request been made. Weighing counsel's experience as a criminal defense attorney, the lack of appealable issues of arguable merit, defendant's interest in pursuing a Rule 35 motion, and defendant's contradictory statements about when and how such the alleged request for appeal was made, the court finds that counsel's version of events is more credible.  After considering all the evidence of record, the court concludes that defendant has failed to show that his attorney was constitutionally ineffective for his failure to file an appeal.  The issue of an appeal was undoubtedly discussed with the defendant, and if in fact defendant did wish for an appeal to be filed, counsel cannot be charged with lack of clairvoyance if defendant failed to make his wishes expressly known.  Thus, he is not entitled to relief.

2. <u>Failure to investigate and object to enhancement</u>

Defendant asserts that counsel was ineffective for failing to object to the enhancement filed by the government.  The validity of the enhancement is addressed in section B, below.  There was no legal basis for a successful challenge to the notice of enhancement information filed by the government.  Counsel is not ineffective for failing to preserve or argue a meritless claim.  *See Brownlee v. Haley,* 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (counsel was not ineffective for informed

tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful). Thus, defendant is not entitled to relief.

    3. <u>Mis-advice with respect to plea</u>

Defendant claims in his third and seventh ineffective assistance of counsel claims that although he wanted to enter a plea of guilty to both counts in the indictment, counsel advised him to enter a guilty plea to count two and take count one to trial. Defendant asserts that counsel "promised" defendant that he could defeat the charges in count one at trial. (Doc. 46, exh. 1). According to defendant, counsel did not tell him that if he lost at trial on count one, he would receive no benefit whatsoever for pleading guilty to count two. Defendant maintains that he was prejudiced when he was convicted at trial and did not receive the acceptance of responsibility adjustment.

Counsel states in his affidavit that it was his client who decided which count he was willing to plead to, and which count he wanted to take to trial. (Doc. 53, exh. 1). Counsel denies having advised defendant, or any other client, that he would win, but states that he did tell defendant that he had a good chance of prevailing. (*Id.*)

As noted above, "*Strickland's* two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." *Yordan v. Dugger,* 909 F.2d 474, 477 (11th Cir. 1990) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). The defendant must therefore show deficient performance and prejudice. This he cannot do. Defendant's claim that he wanted to plead guilty to both charges ignores the fact that he has consistently denied his knowledge of the firearm. He simply would not have been able to enter a guilty plea in light of this denial. His assertion that he would have done so evidences either a misunderstanding of what is required to enter a plea of guilty or an admission that he lied under oath at trial. And, in light of defendant's protestations of innocence, the court cannot say that no competent counsel would have taken count one to trial. See *Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007).

4. <u>Failure to prepare defendant to testify</u>

Defendant contends in his fourth and sixth claims that counsel was ineffective because he did not "prepare" him to testify. (See also doc. 46, exh. 1). He states that counsel's failure in this regard cannot be deemed reasonable under the circumstances, and claims that he was prejudiced when he was left to "defend himself" on the stand. Counsel explains in his affidavit that he met with the defendant several times before trial and discussed defendant's testimony at each meeting. (Doc. 53, exh. A). Defendant does not indicate what he believes counsel could or should have done that would have changed the outcome of the proceedings. Thus, he has not established prejudice under *Strickland* and he is not entitled to relief.

5. <u>Failure to move for acceptance of responsibility adjustment</u>

The caption of defendant's fifth ineffective assistance of counsel claim is that counsel was constitutionally ineffective because he failed to move the court for a downward departure for acceptance of responsibility. As noted above, this was one of the two objections raised by counsel, and the objection was overruled by the court. Therefore, there is no basis in fact for the claim. If defendant claims that there were additional arguments that should have been made by counsel, he has failed to set forth the substance of such arguments, and there is no basis for relief.

B. <u>Jurisdiction under 21 U.S.C. § 851</u>

Defendant last asserts that the court lacked jurisdiction to sentence him because the government and/or the court failed to strictly comply with the mandatory requirements of 21 U.S.C. § 851.

Section 851(a)(1) provides in part that:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1). Defendant asserts that the pleading filed by the government did not strictly comply with the mandate that "an information" be filed. The Eleventh Circuit insists on strict compliance with the mandatory language of the procedural requirements of this section, particularly with respect to the timing of the filing and service of the information signifying the government's intent to rely on a prior conviction. *United States v. Weaver*, 905 F.2d 1466, 1481 (11th Cir. 1990) (citing *United States v. Noland*, 495 F.2d 529, 533 (5th Cir.), *cert. denied*, 419 U.S. 966, 95 S.Ct. 228, 42 L.Ed.2d 181 (1974); *United States v. Cevallos*, 538 F.2d 1122, 1126-27 (5th Cir. 1976)).

Defendant has suggested no factual basis for his assertion that the government's "enhancement information" was not in compliance with the law, and none is apparent from the record. The notice filed by the government on February 28, 2006 clearly informs the defendant that he is subject to increased penalty provisions under 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii) due to prior convictions and identifies four prior felony drug offenses. (Doc. 7). Defendant's guilty plea was not entered until April 18, 2006. He has not shown any error.

Defendant next faults the court for its failure to comply with the statute. Section 851(b) provides:

> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

21 U.S.C. § 851(b). The defendant asserts that the court failed to strictly comply with this statutory provision because it did not address him regarding the prior convictions at sentencing. The government admits that the defendant is correct, but notes that the defendant was addressed at the time of rearraignment and he acknowledged that the convictions were valid at that time. Specifically, in discussing the potential penalties faced by the defendant, the court recited the four felony drug convictions listed in the enhancement information, and asked defendant whether he was the individual who was

convicted of those offenses. (Doc. 50 at 10). Defendant answered in the affirmative. The government also states that prior to his trial on count one of the indictment, defendant stipulated that he had been convicted of those felony offenses contained in the indictment. Finally, the government notes that the defendant has not shown that any of his prior convictions were obtained in violation of his constitutional right to counsel, pursuant to § 851(c)(2) or that they could be subject to challenge under § 851(e) given that they were well over five years old by the time of sentencing.[4]  A trial court is not required "to adhere to the rituals of § 851(b) where a defendant, as a matter of law, is precluded from attacking the conviction forming the basis of the enhancement information."  *United States v. Weaver*, 905 F.2d 1466, 1482 (11th cir. 1990) (quoting *United States v. Nanez*, 694 F.2d 405, 413 (5th Cir. 1982), *cert. denied*, 461 U.S. 909, 103 S.Ct. 1884, 76 L.Ed.2d 813 (1983)); *United States v. Lozano*, 2007 WL 2572313 *2 (N.D. Fla. 2007); *United States v. Winningham*, 2007 WL 1308673 (N.D. Fla. 2007).  Thus, defendant's argument fails.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 45) be DENIED.

At Pensacola, Florida, this 8th day of April, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] The four convictions listed in the notice of enhancement were from 1991 and 1993.

*Case No: 3:06cr11/LAC; 3:07cv261/LAC/MD*

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).