IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:  3:06cr11/LAC/EMT
3:13cv423/LAC/EMT

CHRISTOPHER MICHAEL STANTON

---

### ORDER, REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Motion under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 134). The Government has filed a response (doc. 138), and Defendant has filed a reply (doc. 142). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules Governing Section 2255 Cases 8(a) and (b).

### PROCEDURAL BACKGROUND

Defendant was charged in a two-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e) ("Count One"), and possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) ("Count Two") (doc. 4). The Office of the Federal Public Defender was appointed to represent the defendant until he retained Barry McCleary as counsel. Represented by Mr. McCleary, Defendant entered a plea of guilty to Count Two of the indictment (doc. 25) and was found guilty after a trial on Count One, the firearm charge (doc. 32).

The Presentence Investigation Report ("PSR") was disclosed to the defense on June 6, 2006 (doc. 34). Defendant's base offense level was 34, and a two-level upward adjustment was applied due to Defendant's possession of a dangerous weapon (PSR ¶¶ 32, 33). Defendant's total offense level would have been 36 but for the application of the career offender provision of the guidelines, § 4B1.1, pursuant to which his total offense level was 37 (PSR ¶¶ 40, 41). Defendant's criminal history category was VI, whether calculated by counting his criminal history points or considering his Career Offender status (PSR ¶¶ 60–62).

Defendant objected to the drug weight attributed to him and to the probation officer's failure to credit him with an acceptance of responsibility adjustment (docs. 37, 51). At sentencing, the parties indicated they had reached an agreement on the issue of drug weight. The Government stated on the record that it concurred that 143.4 grams of cocaine base could be fairly attributed to Defendant (doc. 51 at 5). Defendant's base offense level was thus reduced, but because he was a career offender under § 4B1.1, this adjustment did not affect his ultimate guidelines level. The court overruled Defendant's objection on the acceptance of responsibility adjustment, but declined to penalize him for obstruction of justice (doc. 51 at 6). The court noted that it was "troubled by the defense that [defendant] presented at trial. . . which is so bizarre as to not have any credibility at all" (*id.* at 8).[1] The court sentenced Defendant to a term of 360-months imprisonment, at the low end of the guidelines range, in order to take into account the plea he entered on Count Two and his cooperation with the Government. Defendant did not immediately appeal.

In June of 2007, Defendant filed a § 2255 motion seeking to vacate his sentence (doc. 45). One of his claims was that his retained attorney, Barry McCreary, failed to file an appeal as instructed. After an evidentiary hearing, the magistrate judge recommended that the motion be denied (docs. 65, 67). The district court adopted the recommendation and denied the motion (docs. 69, 70, 76). The Eleventh Circuit found that counsel failed to meaningfully "consult" with his client about an appeal, and reversed to allow Defendant the option to exercise his right to pursue an out-of-

---

[1] Defendant testified at trial that his girlfriend first informed him about the presence of the gun at the residence when the police were kicking down the door, and that he had never touched the gun or known anything about it (doc. 128 at 128, 131).

Case Nos.: 3:06cr11/LAC/EMT; 3:13cv423/LAC/EMT

time appeal (doc. 113). Judgment was reentered, Defendant appealed, and his conviction and sentence were affirmed (docs. 115, 116, 117, 132, 133).

Defendant timely filed the instant motion to vacate raising three grounds for relief. Two of his claims allege that counsel provided constitutionally ineffective assistance with respect to the plea process, and his third claim is that he is entitled to re-sentencing under Alleyne v. United States, 133 S. Ct. 2151 (2013) . Defendant has also requested leave to add an additional claim based on the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015). The Government opposes Ground One of the motion but did not respond to Defendant's other claims.

LEGAL ANALYSIS

General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. Nyhuis, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. Sanders v. United States,

373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998); McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." Lynn, 365 F.3d at 1232 n.14 (quoting Mills, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." Lynn, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See* Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 538 U.S. 500, 503 (2003); *see also* United States v. Franklin, 694 F.3d 1, 8 (11th Cir. 2012). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. Strickland v. Washington, 466 U.S. 668, 686 (1984); Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013). Strickland's two-part test also applies to guilty pleas. Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012) (citing Hill v. Lockhart, 474 U.S. 52, 58 (1985)). A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial. *Id*. at 1384–85 (quoting Hill, 474 U.S. at 59). A defendant's "after the fact testimony concerning his desire to plead, without

more, is insufficient to establish" prejudice. Pericles v. United States, 567 F. App'x 776, 782 (11th Cir. 2014) (quoting Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991)); Rosin v. United States, 786 F.3d 873 (11th Cir. 2015). The Sixth Amendment right to the effective assistance of counsel extends specifically "to the negotiation and consideration of plea offers that lapse or are rejected." In re Perez, 682 F.3d 930, 932 (11th Cir. 2012) (citing Missouri v. Frye, ––– U.S. –––, 132 S. Ct. 1399 (2012); Lafler v. Cooper, –––U.S. –––, 132 S. Ct. 1376 (2012)). A defendant who claims that ineffective advice led him to reject a plea offer must show that but for ineffective assistance of counsel, he would have accepted the plea, and that the conviction or sentence or both under the terms of the plea offer would have been less severe than under the judgment and sentence that were imposed. Lafler, 132 S. Ct. at 1385. A defendant's insistence that he is innocent is a "relevant consideration" that "makes it more difficult to accept his claim" that he would have agreed to a plea deal. *See* Osley v. United States, 751 F.3d 1214, 1224–25 (11th Cir. 2014). In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013); Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; *see also* Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Hammond v. Hall, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at 689); *see also* Chandler v. United States, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. Strickland, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel

would have taken the action that his counsel did take." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315. When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, a defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112 (2011) (quoting Strickland). For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993); Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. Glover v. United States, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." Id. at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test. See Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1333–34 (11th Cir. 2012); Garcia v. United States, 456 F. App'x 804, 807 (11th Cir. 2012) (citing Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993)); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far

between." Chandler, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance. A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); Rosin, 786 F.3d at 873; Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. Gordon, 518 F.3d at 1301 (citing Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true would prove he is entitled to relief. *See* Hernandez v. United States, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. Lynn, 365 F.3d at 1239. Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

<u>Grounds One and Two–The Plea Process</u>

In his first and second grounds for relief, Defendant raises seemingly contradictory claims regarding counsel's advice to him with respect to his decision whether to plead guilty or proceed to trial on the respective charges against him. Defendant first asserts that counsel failed to provide accurate information to him during the plea negotiation process. Specifically, he asserts that the Government offered a "plea bargain" pursuant to which Defendant would receive an acceptance of responsibility adjustment in exchange for his plea of guilty to Counts One and Two of the indictment. Defendant asserts that he would have accepted the plea offer, instead of proceeding to trial on Count One, had he been advised of: (1) the strength of the Government's case; (2) the fact that proceeding to trial would preclude the acceptance of responsibility adjustment; (3) the fact that the Government would be able to introduce the drugs seized at the premises into evidence; and (4) the fact that Defendant would receive a sentence in excess of 15 years (doc. 134 at 12, 13). After a review of the record, the court finds that Defendant has shown neither constitutionally deficient performance nor prejudice.

Defendant testified in his own behalf at the trial on Count One of the indictment (doc. 128 at 127–137). He denied that the gun recovered from his home was his; he also testified that the first time he learned there was a gun in the house was when his girlfriend informed him of such when the police were knocking on his front door, and he denied ever having touched the gun (*id*. at 127–128, 130–131). Defendant's girlfriend, Nakesha Woods, testified, consistently with Defendant's testimony, that he was unaware of the gun. She explained that Brian Stotts, a friend of the Defendant's brother who had come to the house to install a dryer plug, had asked her to hold the gun, that she had left while he was working, and that he had not come to retrieve it (*id*. at 140–141).[2] Mr. Stotts testified that he had purchased a pistol the day he went to Ms. Woods' apartment to put in the dryer plug and that he asked Ms. Woods to store it for him while he worked. Stotts explained that he did not want to leave the weapon in his car because he was driving a Jeep and it was not a really good neighborhood (*id*. at 149–150). Mr. Stotts also testified that he had written a statement

---

[2] Defendant testified that his girlfriend was aware of his drug activities, while she testified that she was not and that if he indicated otherwise he would be lying (doc. 128 at 136, 146).

Case Nos.: 3:06cr11/LAC/EMT; 3:13cv423/LAC/EMT

with respect to his ownership of the pistol in an attempt to retrieve it from law enforcement (*id*. at 152–153).

Defendant's claim that he would have entered a guilty plea, in light of the evidence and defense presented at trial, is unconvincing. *See* Osley, 751 F.3d at 1224–25 (defendant's insistence that he is innocent is a "relevant consideration" that "makes it more difficult to accept his claim" that he would have agreed to a plea deal). In fact, it is highly improbable that the district court could have accepted Defendant's guilty plea. Before accepting a guilty plea, Rule 11 of the Federal Rules of Criminal Procedure requires that the court determine that the plea is voluntary and that there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(2), (3). This typically requires an admission of guilt. *Cf.* North Carolina v. Alford, 400 U.S. 25, 38 & n.10 (1970) (finding no constitutional error in a court accepting a guilty plea from a defendant who maintains his innocence so long as there is a factual basis for the plea). A defendant has no absolute right under either the Constitution or Rule 11 to have his guilty plea accepted by the court, and the court is within its discretion to refuse to accept such a plea. United States v. Dykes, 244 F. App'x 296, 298 (11th Cir. 2007) (citing United States v. Gomez-Gomez, 822 F.2d 1008, 1010 (11th Cir. 1987)). When a defendant casts doubts upon the validity of his guilty plea by protesting his innocence or by making exculpatory statements, the court may resolve such doubts against acceptance of the plea. Gomez-Gomez, 822 F.2d at 1011.

To the extent Defendant asserts that he could have sworn to and admitted facts necessary to establish a factual basis for his guilty plea, Defendant is essentially admitting that he, and other witnesses, lied under oath at trial. Furthermore, he cannot show that the district court would have accepted an Alford plea in his case, as such pleas are not routinely accepted in this district. *See* Pericles v. United States, 567 F. App'x 776, 782 (11th Cir. 2014) (citing Gomez-Gomez, 822 F. 2d at 1011 ("[t]hough a judge may enter judgment upon a guilty plea offered under [Alford], he is not required to do so.")). Finally, Defendant's suggestion that he would have willingly entered an Alford plea, or an ordinary guilty plea, rather than challenged the Government's case against him is merely an unsupported "after the fact" statement, insufficient to establish prejudice. Pericles, 567 F. App'x at 782 (citing Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991)). In light of the existence of two witnesses who supported Defendant's version of events, it is only with the wisdom of hindsight after an unsuccessful trial that the decision to go to trial appears less than reasonable.

In light of the record as a whole, Defendant has established neither constitutionally deficient performance nor prejudice with respect to his first claim for relief.

In Defendant's second ground for relief, he makes virtually the opposite claim. He asserts that counsel coerced and misled him into pleading guilty to Count Two of the indictment, and that absent counsel's misadvice about the likely sentence, he would have maintained his innocence and proceeded to trial (doc. 134 at 16, 19).[3]

An allegation of a coerced plea, supported by a factual allegation, can support a § 2255 motion. *See* Fontaine v. United States, 411 U.S. 213, 214–15 (1973); United States v. Lampazianie, 251 F.3d 519, 524 (5th Cir. 2001). However, a defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the pleas constitute a formidable barrier in any subsequent collateral proceedings. Blackledge v. Allison, 431 U.S. 63, 73–74 (1977); Winthrop-Redin v. United States, 767 F.3d 1210 (11th Cir. 2014) (citing Blackledge). This is because solemn declarations made under oath in open court carry a strong presumption of verity. Blackledge, 431 U.S. at 73–74; Connolly v. United States, 568 F. App'x 770, 771 (11th Cir. 2014) (citing Blackledge); Garces v. U.S. Att'y Gen., 611 F.3d 1337, 1349 (11th Cir. 2010) (citing Blackledge). They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise; the subsequent presentation of conclusory and contradictory allegations does not suffice. Blackledge, 431 U.S. at 73–74; Winthrop-Redin, 767 F.3d at 1216. In fact, such allegations are subject to summary dismissal. Winthrop-Redin, 767 F.3d at 1216 (citing Blackledge, 431 U.S. at 74). A defendant "bears a heavy burden to show his statements [under oath] were false." United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988); United States v. Green, 275 F. App'x 941 (11th Cir. 2008); United States v. Cardenas, 230 F. App'x. 933 (11th Cir. 2007). "[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely." United States v. Stitzer, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986) (quoting United States v. Barrett, 514 F.2d 1241, 1243 (5th Cir. 1975)).

In this case, even if the court accepts, for sake of argument, that counsel gave Defendant erroneous advice about his potential sentence, there was no prejudice. Defendant was unequivocally

---

[3] Defendant references an affidavit that is not part of the record (doc. 134 at 19).

advised of his potential sentencing exposure at the rearraignment proceeding (doc. 50 at 9–10). The Government stated on the record that Defendant faced a minimum mandatory term of ten years' imprisonment and up to a maximum of life imprisonment, and Defendant acknowledged that he understood (*id*.). Defendant also affirmed the prior convictions that provided the basis for the enhanced sentence during the rearraignment proceeding (*id*. at 10). The court also specifically advised Defendant that neither counsel nor the court could predict what the actual sentence would be at that time, and further explained to Defendant that he would have the opportunity to challenge the advisory guidelines calculations made by the probation officer (*id*. at 11). Finally the court advised Defendant that even if his sentence was more or greater than he might be hoping for, he would be bound by the plea (*id*. at 12). In sum, the transcript of the plea colloquy defeats Defendant's assertions that he was under any misapprehension about his sentencing exposure when he persisted in his plea of guilty. Defendant's claim appears to be a result of dissatisfaction with his sentence, which, as noted by the district court, would not be a basis for withdrawing his plea.

### Ground Three

Defendant's third ground for relief is that he is entitled to re-sentencing under Alleyne v. United States, 133 S. Ct. 2151 (2013). Alleyne held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the crime, rather than a sentencing factor and must be submitted to a jury and proven beyond a reasonable doubt. As noted above, during the rearraignment proceedings, Defendant admitted the prior convictions that supported the application of an enhanced sentence. Thus, there was nothing for the Government to prove, and Defendant does not suggest that the underlying convictions were invalid. More significantly, even if Alleyne were applicable to the facts of Defendant's case, it is not retroactively applicable on collateral review. *See* Jeanty v. Warden, FCI Miami, 757 F.3d 1283, 1285 (11th Cir. 2014); United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); *see also* King v. United States, No. 13-13693, 2015 WL 1898394 (11th Cir. Apr. 28, 2015). Defendant is not entitled to relief on this ground.

### Supplemental Ground for Relief

Defendant has moved to amend or supplement his § 2255 motion, contending that he is entitled to relief pursuant to the Supreme Court's recent decision in Johnson v. United States, 135

S. Ct. 2551 (2015). Defendant's request to amend will be granted and the court will examine the merits of Defendant's claim.

Title 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), provides that a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen year sentence. 18 U.S.C. § 924(e)(1). "Serious drug offenses" may arise under state or federal law, and the definition of a serious drug offense encompasses state law offenses involving distributing or possessing with intent to distribute a controlled substance for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 924(e)(2)(A)(ii). The statutory definition of a violent felony under ACCA is an offense that either "(i) has as en element the use, attempted use, or threatened use of physical force against the person of another or (ii) is burglary, arson, or extortion, involves the use of explosives *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(2)(B)(i) and (ii). The Supreme Court recently ruled that the italicized language, known as the "residual clause," violates the Constitution's guarantee of Due Process due to vagueness. Johnson, 135 S. Ct. at 2563.

The Supreme Court has not declared its decision in Johnson to be retroactively applicable on collateral review, nor has the Eleventh Circuit. *See* In re Rivero, No. 15-13089-C, 2015 WL 4747749 (11th Cir. Aug. 12, 2015) (denying application for leave to file a second or successive § 2255 motion pursuant to 2255(h) based on Johnson); *see also, e.g.*, Haugabook v. United States, Nos. 8:15-cv-1756-T-24TBM, 8:08-cr-254-T-24TBM, 2015 WL 4605750 (M.D. Fla. Jul. 30, 2015) (denying § 2255 motion based on Johnson as successive, untimely, and without merit); *but see* Price v. United States, No. 15-2427, 2015 WL 4621024 (7th Cir. 2015) (authorizing district court to entertain a second or successive § 2255 motion based on Johnson). Therefore, at this juncture the Johnson decision does not appear to apply retroactively under either 28 U.S.C. § 2255(f)(3) or (h).

Even if Johnson were retroactive, however, it affords Defendant no relief. The undersigned has obtained and reviewed a copy of Defendant's Presentence Investigation Report. Although there was a reference to Defendant being an Armed Career Criminal (PSR ¶ 62), Defendant's sentence was calculated by grouping Counts One and Two, and ultimately it was the guidelines calculations with respect to Count Two—the crack cocaine offense—that controlled (PSR ¶¶ 31, 32). Defendant

had at least two prior felony controlled substance offenses (PSR ¶¶ 49. 58), and as such was a Career Offender under § 4B1.1 of the Guidelines. His offense level became 37 in accordance with § 4B1.1(A), and his Criminal History Category was VI. These calculations were made without regard to ACCA. Therefore, even if <u>Johnson</u> is ultimately determined to be retroactive, Defendant would not be entitled to relief.

<u>Conclusion</u>

For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, as supplemented, have merit. Nor has he shown that an evidentiary hearing is warranted. Therefore Defendant's motion should be denied in its entirety.

**Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly it is **ORDERED**:

Defendant's request to supplement and/or amend his motion to vacate (doc. 149) is **GRANTED**, to the extent the court has reviewed the claim raised therein within this report.

And based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 134), as supplemented, be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 26th day of August 2015.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.