IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.  Case Nos.:  3:06cr11/LAC/EMT
    3:16cv327/LAC//EMT

CHRISTOPHER MICHAEL STANTON

## REPORT AND RECOMMENDATION

This matter is before the court on a "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" filed by Defendant (ECF No. 164). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

In April of 2006, a jury found Defendant Christopher Michael Stanton guilty of possession of a firearm by a convicted felon (count one) after he entered a guilty

plea to possession with intent to distribute five grams or more of cocaine base (count two) (ECF Nos. 25, 32). In July of 2006, he was sentenced to 360-months imprisonment on each count, to run concurrently (ECF Nos. 39, 40).[1] In 2012, Defendant's convictions and sentences were affirmed on appeal (*see* ECF Nos. 132, 133).

In July of 2013, Defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which was later amended to add a claim pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015) (ECF Nos. 134, 149). In August of 2015, Defendant's motion was denied, and a certificate for appealability was also denied (ECF Nos. 150, 151, 152).[2] Defendant appealed, and the Eleventh Circuit Court of Appeals denied a certificate of appealability in March of 2016 (*see* ECF Nos. 153, 160). However, in May of 2016, the Eleventh Circuit reinstated Defendant's appeal with respect to the denial of his Johnson claim (*see* ECF No.

---

[1] On December 2, 2010, Defendant's judgment was vacated and reentered with the same sentence imposed after the Eleventh Circuit determined that he was entitled to pursue an out-of-time appeal of his conviction and sentence (*see* ECF Nos. 113, 115, 116).

[2] In the Order, Report and Recommendation denying § 2255 relief, the court addressed Defendant's supplemental Johnson claim and held that even if Johnson were to be applied retroactively, Defendant would not be entitled to relief because he had at least two prior felony controlled substance offenses and he was classified as a Career Offender under § 4B1.1 of the Guidelines as a result of his conviction of the crack cocaine offense (count two), without regard to the Armed Career Criminal Act (*see* ECF No. 150 at 11–13).

Case Nos.: 3:06cr11/LAC/EMT; 3:16cv327/LAC/EMT

161). In June of 2016, while his appeal was pending, Defendant filed the instant motion, again seeking sentencing relief under Johnson. The court held the instant motion in abeyance during the pendency of Defendant's appeal (ECF No. 165). On October 27, 2016, the Eleventh Circuit dismissed the appeal for want of prosecution (*see* ECF No. 166).

Before a second or successive application for § 2255 relief is filed in the district court, a defendant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996). Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion. Therefore, the instant motion to vacate must be dismissed because the court lacks jurisdiction to consider Defendant's successive § 2255 motion without proper authorization.

### CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C.

Case Nos.: 3:06cr11/LAC/EMT; 3:16cv327/LAC/EMT

§ 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 164) be **SUMMARILY DISMISSED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 5th day of December 2016.

                                   /s/ *Elizabeth M. Timothy*
                                   **ELIZABETH M. TIMOTHY**
                                   **CHIEF UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 3:06cr11/LAC/EMT; 3:16cv327/LAC/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.:  3:06cr11/LAC/EMT; 3:16cv327/LAC/EMT